THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRANK CONSAGO, Defendant-Appellant.

First District (1st Division)   No. 86—3570

Opinion filed May 16, 1988.

William H. Wise, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry, James E. Fitzgerald, and Nancy A. Donahoe, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINLAN delivered the opinion of the court:

On December 10, 1985, the Cook County grand jury indicted the defendant, Frank Consago, on charges of murder, armed violence and unlawful use of a weapon, in connection with the killing of Bonnie McDonald on November 17, 1985. (Ill. Rev. Stat. 1985, ch. 38, pars. 9—1(a)(2), 33A—2, 24—1(a)(7).) The case proceeded to trial and the jury found Consago guilty of murder and unlawful use of a weapon. Judgment was entered on the verdict and Consago was sentenced to 25 years in the Illinois Department of Corrections.

The defendant, Frank Consago, owned and operated the Upper Deck Lounge, located at 5441 N. River Road in Chicago, Illinois. On November 17, 1985, Consago called the bartender, Bonnie McDonald, into his office to have her count the money in the cash drawer because it was short and Consago suspected that McDonald had taken the money. There was one other employee present in Consago's office at this time, David (a/k/a Chris) Humberg. Consago and McDonald began to argue over the money as McDonald sat at Consago's desk counting the money.

As the argument became more heated, either McDonald or Consago began opening the desk drawers. Consago then opened the desk drawer where he kept a sawed-off shotgun. Consago pulled the gun out and McDonald apparently grabbed at the gun also. The gun fired, and the shot hit McDonald in the chin, killing her instantaneously. Consago then panicked and wiped all fingerprints off the gun. The police were then called.

When evidence was presented to the grand jury resulting in Con-

sago's indictment, the eyewitness, Chris Humberg, was not called. Prior to trial, the defendant made a motion to dismiss the indictment for failure to call Humberg based on the fact that prejudice resulted because Humberg's testimony might have resulted in an indictment for voluntary or involuntary manslaughter instead of murder. In denying that motion, the court stated that the indictment was only a charge and that trial of the case could result in a finding on a lesser included offense. Consago's motion to suppress his confession was also denied after a hearing in which Consago and the two police officers testified. Subsequently, Consago's defense counsel, at the beginning of the trial, additionally requested that the court admonish Consago that the defense counsel was going to concede the unlawful use of weapons charge. The court refused, stating that it was not within the province of the court to admonish a defendant about the trial strategy adopted by his attorneys.

The testimony at trial established that the gun which had been in the desk drawer had a hair trigger, much lighter than the normal pull required for that type of gun, and that before the gun could be fired, the hammer had to be cocked. Further, the evidence established that there was gunshot residue on the victim's hands, and that the gun had been fired at extremely close range. Humberg was not called to testify at trial.

At the close of the trial, the court refused to tender jury instructions on recklessness and involuntary manslaughter. Thereafter, the jury found Consago guilty of murder and unlawful use of a weapon. Judgment was entered on the verdict and Consago received a 25-year sentence. Defendant now appeals.

Defendant presents four issues for review: (1) whether the trial court erred when it refused to tender a jury instruction on involuntary manslaughter; (2) whether Consago was denied effective assistance of counsel when counsel failed to call the eyewitness, Humberg, to testify; (3) whether Consago was denied effective assistance of counsel when counsel conceded Consago's guilt on the charge of unlawful use of a weapon; and (4) whether Consago was denied due process when the prosecutor failed to inform the grand jury of the eyewitness testimony of Humberg.

■■ ■ The first issue defendant raises for review is whether the trial court erred when it refused to tender a jury instruction on involuntary manslaughter. The crux of the offense of involuntary manslaughter is recklessness (*People v. Simpson* (1978), 74 Ill. 2d 497, 504, 384 N.E.2d 373, 376), and a defendant is entitled to a jury instruction on manslaughter if the record sets forth a basis for it. (See

*People v. Healy* (1988), 168 Ill. App. 3d 349; *People v. Brady* (1985), 138 Ill. App. 3d 238, 485 N.E.2d 1159.) A person acts recklessly when he or she "consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Ill. Rev. Stat. 1985, ch. 38, par. 4—6.

■■ While recklessness is generally viewed as not synonymous with accidental, that distinction is one which is generally made by the trier of fact. (See *People v. Andersch* (1982), 107 Ill. App. 3d 810, 818, 438 N.E.2d 482, 488.) One act that courts have found can constitute recklessness and, therefore, prompt an instruction on involuntary manslaughter, is the pointing of a loaded weapon at another and then the discharge of that weapon after a struggle, since such an act is a gross deviation from the standard of care exercised by a reasonable person. (*Andersch,* 107 Ill. App. 3d at 818, 438 N.E.2d at 488; see *People v. Sibley* (1981), 101 Ill. App. 3d 953, 428 N.E.2d 1143.) Thus, if some evidence is presented which shows accidental discharge of a loaded weapon, that amounts to some evidence of recklessness and, accordingly, requires the tender of an instruction of involuntary manslaughter. See *People v. Santiago* (1982), 108 Ill. App. 3d 787, 802, 439 N.E.2d 984, 994.

■■ Consago has claimed, at trial and on appeal, that the shooting was accidental and that this justified an instruction on involuntary manslaughter. The State argues that it did not. While accidental and reckless are not synonymous, as noted, that is a determination for a jury to make. Here, the pointing of the loaded shotgun, and the alleged struggle and discharge of the weapon, provides the proper basis for the tender of a jury instruction on involuntary manslaughter, *i.e.,* recklessness. It is, therefore, within the province of the jury to determine whether the defendant's actions here constituted recklessness. Hence, the trial court should have allowed an instruction on involuntary manslaughter. We find that this error amounted to reversible error and, consequently, find that this case must be remanded for a new trial in which an instruction on involuntary manslaughter must be tendered to the jury. Even though a new trial is necessary, we deem it proper, because of the importance of defendant's other allegations, to consider them also.

■■■ The second and third issues raised by defendant relate to whether Consago was denied effective assistance of counsel for (1) the failure to call the eyewitness, Humberg, to testify at trial, and (2) the concession of guilt on the unlawful use of a weapon charge. To sup-

port a charge of ineffective assistance of counsel, a defendant must prove two elements: first, that his attorney failed to perform as a reasonably competent attorney, and, second, that there exists a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different, *i.e.*, that the defendant was prejudiced by the attorney's actions. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068; *People v. Wilson* (1986), 149 Ill. App. 3d 1075, 1077, 501 N.E.2d 863, 864.) A reasonable probability has been defined by the Supreme Court as one that is sufficient to undermine confidence in the outcome, and, to make this finding, a court must consider the totality of the evidence before the jury. (*Strickland,* 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068-69.) Under the guidelines set forth in *Strickland,* the focus is upon the fundamental fairness accorded the defendant at the trial. Underlying this framework, however, is the strong presumption that counsel's conduct falls within the broad range of reasonable professional assistance, and it follows, then, that a reviewing court will not extend its inquiry into areas which involve counsel's judgment, discretion, trial tactics or trial strategy. (*People v. McKendrick* (1985), 138 Ill. App. 3d 1018, 486 N.E.2d 1323.) Failure to secure testimony of witnesses is generally within the realm of trial strategy. (*Walker v. Lockhart* (8th Cir. 1986), 807 F.2d 136.) Counsel's concession to a client's guilt without the client's knowing and intelligent waiver, however, generally will not be considered within the realm of trial strategy. *People v. Hattery* (1985), 109 Ill. 2d 449, 465, 488 N.E.2d 513, 518, *cert. denied* (1986), 478 U.S. 1038, 92 L. Ed. 2d 727, 106 S. Ct. 3314.

■ Defendant first contends that he received ineffective assistance of counsel when counsel failed to secure Humberg to testify at trial, since Humberg had previously given a sworn statement to defense counsel in which Humberg stated that the shooting was an accident. While defendant concedes that failure to secure witnesses for trial is generally a matter of trial strategy, he asserts that the critical nature of Humberg's testimony, as the only eyewitness to the shooting, made it essential to Consago's case, and that, therefore, the failure to secure Humberg's testimony at trial was an unreasonable error which prejudiced Consago. The State, on the contrary, contends that the failure to secure Humberg was an isolated incident, clearly within the realm of trial strategy. This was true, the State argues, since defense counsel had previously obtained Humberg's sworn statement within days of the shooting, and Humberg was initially listed as a potential witness by the defendant, and, under such circumstances, the

failure of defense counsel to call this witness would certainly be part of defense counsel's trial strategy based upon the defendant's claim that the shooting was accidental.

Admittedly, Humberg's testimony could have been important, as he was the only eyewitness to the shooting. However, even if it were, the requirements as set forth in *Strickland* are extremely stringent and the defendant here must overcome the strong presumption of effective assistance of counsel and the general proposition that failure to secure testimony is generally regarded as a matter of trial strategy. As the State has argued, the record further shows here that defense counsel knew of Humberg's testimony and that he considered Humberg a potential witness. Moreover, an examination of Humberg's sworn statement, which was the basis of defendant's motion to dismiss the indictment, reveals that Humberg did not see the gun at all until after the shot went off. At that point, he stated that he thought Consago dropped the gun on the floor. Humberg stated that he then saw Consago wipe the prints off the gun. There were, therefore, certain portions of Consago's testimony which could have been harmful to Consago. Accordingly, we agree with the State that the failure to call Humberg must be viewed as a strategical maneuver and, further, that no showing has been made to establish that the outcome would have been different had Humberg been called to testify.

■ Defendant next contends that he was denied effective assistance of counsel when his attorney conceded guilt on the charge of unlawful use of a weapon. The general rule is that defense counsel may not concede guilt without a knowing and intelligent waiver by the defendant, yet when such a concession results in a finding of ineffective assistance of counsel, the concession has generally been made on a more serious charge, thereby denying defendant of the meaningful adversarial testing required by the sixth amendment, *i.e.*, the facts of each case must be considered. (See *People v. Hattery* (1985), 109 Ill. 2d 449, 488 N.E.2d 513.) Where the facts do not warrant the application of the general rule, the two-prong test of *Strickland* is to be followed. See *People v. Bone* (1987), 154 Ill. App. 3d 412, 506 N.E.2d 1033, *appeal denied* (1987), 116 Ill. 2d 563, 515 N.E.2d 114.

Consago argues that there was no knowing and voluntary waiver here concerning the guilty plea on the unlawful use of a weapon charge. The State, on the other hand, asserts that this concession was necessary for the defendant to logically present its theory of accidental death. Here, we find that the general rule is inapplicable. There can be no doubt from the record that the gun was Consago's, as admitted by his defense counsel. Additionally, this was clearly a charge

of a less serious nature than the murder charge. No prejudice resulted to Consago from this concession, and no showing has been made, according to the *Strickland* requirements, that, but for the concession, the outcome of the trial on the unlawful use of a weapon charge would have been different.

■■ ■ Finally, defendant raises the issue of whether he was denied due process by the prosecutor's failure to inform the grand jury of the eyewitness testimony of Humberg. To support a claim of denial of due process to sustain a dismissal of a grand jury indictment, a defendant must show both actual and substantial prejudice. (See *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) The mere possibility of injustice is not enough. (*People v. Miller* (1981), 100 Ill. App. 3d 122, 426 N.E.2d 609.) Once a showing of substantial prejudice has been made, the burden shifts to the State to show the reasonableness of its actions. (See *Lawson,* 67 Ill. 2d at 459, 367 N.E.2d at 1248.) If the State shows reasonableness, then the court must make a determination based upon the balance of public interest and the defendant's interest. (*Lawson,* 67 Ill. 2d at 459, 367 N.E.2d at 1248.) Additionally, an indictment may be based solely on the hearsay testimony of an investigating officer summarizing the events. (See *People v. Creque* (1978), 72 Ill. 2d 515, 520, 382 N.E.2d 793, 796, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010.) An indictment that is valid on its face can only be challenged on the basis of wholly inadequate or incompetent evidence, which has been narrowly interpreted by the courts to mean, essentially, that an indictment may only be challenged if it is based solely on evidence disqualified by law, *e.g.,* an indictment based solely on evidence from a completely mentally deranged witness will be quashed. See *United States v. Calandra* (1974), 414 U.S. 338, 344-45, 38 L. Ed. 2d 561, 569, 94 S. Ct. 613, 618; *People v. Jones* (1960), 19 Ill. 2d 37, 41-42, 166 N.E.2d 1, 3.

■■ Consago here argues that if Humberg's testimony, which the prosecutor knew of, had been presented to the grand jury, then a reasonable probability existed that he would not have been indicted on the murder charge, but on a lesser charge. The State, however, argues that Consago has not shown actual or substantial prejudice or how the evidence presented was inadequate or improper. We agree with the State. There is no burden on the State to present all available evidence to the grand jury. The basic facts were properly presented by the testimony of the investigating officer. As the trial court correctly noted, the trial itself could have resulted in a finding on a lesser included offense; the grand jury indictment on the murder

charge was not dispositive of guilt or innocence on that charge. Consequently, Consago has not shown resulting prejudice from the indictment here.

For the reasons stated forth above, we reverse the judgment of the circuit court of Cook County on the murder charge and remand this case for a new trial consistent with this opinion.

Reversed and remanded.

O'CONNOR and MANNING, JJ., concur.