THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RENATO TORRES, Defendant-Appellee.

Second District   No. 2—91—1342

Opinion filed May 5, 1993.

David R. Akemann, State's Attorney, of Geneva (William L. Browers and Lisa Anne Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, of Aurora, and Vincent C. Argento, of Law Offices of Vincent C. Argento, of Elgin, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Renato Torres, was indicted by the Kane County grand jury on charges of unlawful possession of a controlled substance and unlawful possession of a controlled substance with intent to deliver, in violation of sections 401 and 402(c) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, pars. 1401, 1402(c)), respectively. Defendant was also charged with unlawful use of weapons, in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 24—1(a)(4)), and armed violence, in violation of section 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 33A—2).

Defendant filed a motion to dismiss the indictment based upon the trial court's inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process. (See *People v. Lawson* (1977), 67 Ill. 2d 449, 455.) The trial court dismissed the indictment based upon the State's failure to present exculpatory information to the grand jury. The State filed a timely appeal from the or-

der of dismissal pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)). (See also *People v. Marbly* (1980), 85 Ill. App. 3d 935, 937.) The sole issue is whether the trial court erred in dismissing the indictment based on the State's failure to present exculpatory evidence to the grand jury.

On April 27, 1991, defendant was the passenger in a vehicle driven by Ruben B. Fonseca. The police stopped this vehicle and recovered from its interior several items, including a .357 Magnum handgun, another pistol and approximately eight grams of cocaine. Both defendant and Fonseca were arrested. At the time of his arrest Fonseca told police that the drugs and guns were his and that defendant was unaware of the presence of these items in the car. Fonseca also told police that he had picked up defendant five minutes before their car was stopped.

On April 29, 1991, Fonseca gave a taped statement to defense counsel in which he stated that he had truthfully told police that the guns and drugs were his and that defendant had no knowledge that they were in the car. Fonseca's statements regarding defendant were not presented to the grand jury which indicted both Fonseca and defendant on May 14, 1991. Defendant moved to dismiss the indictment because of the State's failure to present Fonseca's statements to the grand jury.

The trial court granted defendant's motion to dismiss holding:

"It is clear that the [S]tate has an ongoing obligation to present exculpatory information to the [g]rand [j]ury or [*sic*] that the [S]tate has knowledge of that information at the time the indictment is sought.

The State failed to do so in this case."

The State contends that the trial court erred in dismissing the indictment, admitting that although a court can dismiss an indictment in some cases based upon prosecutorial misconduct, there was no such misconduct in this case. Defendant responds that the trial court's dismissal of the indictment was proper and that requiring the State to present exculpatory evidence to the grand jury will prevent "egregious prosecutorial misconduct" while providing a check on the prosecutor's control over grand jury proceedings.

■ A defendant may not challenge the adequacy and sufficiency of the evidence underlying an indictment (*People v. Creque* (1978), 72 Ill. 2d 515, 527), except where there is absolutely no evidence connecting the accused to the offense charged. (See *People v. Rodgers* (1982), 92 Ill. 2d 283, 290; *People v. Young* (1991), 220 Ill. App. 3d 488, 493; *People v. Wolfe* (1983), 114 Ill. App. 3d 841, 845 (it is unnec-

essary to present the grand jury with evidence as to each element of the offense charged as long as there is *some* evidence relative to that charge).) An indictment returned by a legally constituted grand jury is presumed valid and is sufficient to justify trial of the charges on the merits. (*People v. Hirsch* (1991), 221 Ill. App. 3d 772, 779.) Guilt or innocence is to be determined at trial. *Creque*, 72 Ill. 2d at 527.

■ Although, as a general rule, a defendant may not challenge the validity of an indictment returned by a legally constituted grand jury, courts in Illinois have recognized certain exceptions. (*Rodgers*, 92 Ill. 2d at 287; *Wolfe*, 114 Ill. App. 3d at 844.) In particular, the Illinois Supreme Court has recognized "that a trial court [has] *** inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process." (*Lawson*, 67 Ill. 2d at 455.) However, this power should be used with great restraint and only exercised when a violation is clear and can be ascertained with certainty. (*People v. Barton* (1989), 190 Ill. App. 3d 701, 708.) The mere possibility of injustice is not enough. (*People v. Consago* (1988), 170 Ill. App. 3d 982, 989.) "To support a claim of denial of due process to sustain a dismissal of a grand jury indictment, a defendant must show both actual and substantial prejudice." (*Consago*, 170 Ill. App. 3d at 989.) The burden of proving such prejudice is on the defendant. See *People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 432.

Prosecutorial misconduct may warrant dismissal of an indictment where a defendant's due process rights are violated such that his right to a fair trial is prejudiced or where the prosecutor's conduct in some way undermines the integrity of the judicial process as manifested in grand jury proceedings. (*People v. J.H.* (1990), 136 Ill. 2d 1, 12-13.) "Some cases suggest the latter *may* occur where a prosecutor deliberately or intentionally misleads the grand jury to the prejudice of the defendant." (Emphasis in original.) *J.H.*, 136 Ill. 2d at 13, discussing *Bank of Nova Scotia v. United States* (1988), 487 U.S. 250, 261, 101 L. Ed. 2d 228, 241, 108 S. Ct. 2369, 2377; *Creque*, 72 Ill. 2d at 523-24; *Barton*, 190 Ill. App. 3d at 709.

■ We find no Illinois case which supports the position of the trial court by recognizing "that the [S]tate has an ongoing obligation to present exculpatory information to the [g]rand [j]ury." Rather, quite the opposite appears to be the case. (See *Consago*, 170 Ill. App. 3d at 989 ("There is no burden on the State to present all available evidence to the grand jury"); *People v. Boyle* (1987), 161 Ill. App. 3d 1054, 1063-64; *Wolfe*, 114 Ill. App. 3d at 846 ("[T]he prosecutor is under no duty to inform the grand jurors of the existence of additional or more direct evidence").) In rejecting the argument that district

courts are empowered to impose a rule requiring Federal prosecutors to present to the grand jury "substantial exculpatory evidence" in the prosecutor's possession, the United States Supreme Court has commented: "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." *United States v. Williams* (1992), 504 U.S. 36, 51, 118 L. Ed. 2d 352, 368, 112 S. Ct. 1735, 1744.

Although the State has no general duty to present exculpatory evidence to the grand jury, we recognize the possibility that, under certain circumstances, a prosecutor's intentional withholding of such evidence could result in a denial of a defendant's right to due process. For example, Illinois has recognized that a defendant's right to due process is violated where he or she is forced to stand trial on an indictment which the government knows is based on material, perjured testimony (*Creque*, 72 Ill. 2d at 524, citing *United States v. Basurto* (9th Cir. 1974), 497 F.2d 781, 785-86; *Wolfe*, 114 Ill. App. 3d at 845), or if the grand jury is deliberately or intentionally misled by the prosecution (*Barton*, 190 Ill. App. 3d at 709). We believe that the factual scenario in which a failure to present exculpatory evidence to the grand jury results in "a clear denial of due process," and "causes actual and substantial prejudice to the defendant," can be appropriately remedied through the existing protections from prosecutorial misconduct, and we see no compelling reason to create a separate duty requiring the State to present exculpatory evidence during the grand jury proceedings.

█ We conclude that defendant has made no showing of any deliberate deception of the grand jury or other evidence of bad faith on the part of the prosecutor in this case. It would be mere speculation to assume that the alleged exculpatory evidence would necessarily have been admissible at trial. In any event, Fonseca's statements were not evidence of such a degree or character as would have absolutely prevented defendant's indictment. The fact that the grand jury *might* have chosen not to indict defendant if Fonseca's statements had been presented is not enough. Defendant does not satisfy his burden to establish clearly "actual and substantial prejudice" merely by demonstrating the possibility of avoiding indictment. See *Consago*, 170 Ill. App. 3d at 989.

To require the State to present all exculpatory evidence it possesses to the grand jury when seeking an indictment might, as a practical matter, make it necessary for the State to counter with all available inculpatory evidence. Illinois has clearly rejected such rules which

could transform the grand jury proceeding into a kind of preliminary trial. (See *Creque*, 72 Ill. 2d at 527-28, citing *Costello v. United States* (1956), 350 U.S. 359, 363, 100 L. Ed. 397, 402, 76 S. Ct. 406, 408; *United States v. Dionisio* (1973), 410 U.S. 1, 17, 35 L. Ed. 2d 67, 81, 93 S. Ct. 764, 773.) Moreover, the inevitable expansion of the grand jury proceeding which would result by adopting the rule the trial court applied in its order would frustrate the grand jury's desired and critical purpose of *promptly* determining probable cause. See *People v. Franklin* (1979), 80 Ill. App. 3d 128, 131.

For the foregoing reasons, we reverse the order of the circuit court of Kane County dismissing the indictment and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.