THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WYDELL FEAZELL, Defendant-Appellant.

First District (4th Division)   No. 1—90—0505

Opinion filed June 10, 1993.—Rehearing denied June 28, 1993.

Allan A. Ackerman and Joelle H. Hollander, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Fabio Valentini, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

After a jury trial, defendant, Wydell Feazell, was convicted of possession of a controlled substance with intent to deliver, possession of cannabis with intent to deliver, unlawful use of weapons, and unlawful use of weapons by a felon. (Ill. Rev. Stat. 1985, ch. 56½, pars. 1401(a)(2), 705(e); ch. 38, pars. 24—1(a)(7), 24—1.1(a).) Defendant now appeals and we consider the following issues: (1) whether the denial of his motion to suppress was plain error because consent was not voluntary; (2) whether defendant was denied effective assistance of trial counsel when the motion to suppress issue was not raised in his posttrial motions; and (3) whether the evidence at trial was sufficient to prove beyond a reasonable doubt that defendant constructively possessed the drugs and weapons. For the following reasons, we affirm.

On June 1, 1988, defendant was arrested without a warrant after an altercation with his neighbor. Without a search warrant, the police searched the apartment where defendant was arrested and seized co-

caine, cannabis, and weapons. He was charged with aggravated battery, possession of a controlled substance with intent to deliver, possession of cannabis with intent to deliver, unlawful use of weapons, and unlawful use of weapons by a felon. The aggravated battery charge was nol-prossed. Prior to trial, defendant moved to suppress the evidence found in the apartment arguing that the police entered without consent.

In the hearing on the motion to suppress, Officer David Strain testified that on June 1, 1988, he responded to a complaint from defendant's neighbor who said that defendant attacked him with an ax handle and a gun. From a previous incident, Strain knew defendant lived at 320 West Evergreen.

Strain, accompanied by Sergeant Phillip Watzke and Officer David Schmidt, arrived at that address without an arrest or search warrant. Strain saw defendant and his son, Wydell Jr., in the yard. When defendant saw the officers, he ran up to the third-floor apartment in the building. The officers followed him, but the door was locked with a combination lock. They knocked and shouted defendant's name but he did not answer. Strain testified that, without being asked, Wydell Jr. came up to the third floor, entered the combination, and unlocked the door. Defendant was arrested, handcuffed, and read his *Miranda* rights.

The officers recovered a bloody ax handle on the back porch. Strain testified that the officers were discussing obtaining a search warrant when defendant asked if that could be avoided because he thought the police would ransack the apartment while searching it. Strain explained to defendant that he could accompany the officers while they conducted a plain view search for the gun involved in the aggravated battery. Defendant agreed. From an open pantry shelf, Strain recovered bags of white powder and crushed green plant, which he suspected were cocaine and cannabis, and miscellaneous types of ammunition.

Officer Schmidt testified that Wydell Jr. unlocked the door to the third-floor apartment without being requested to do so. In the search of the apartment, Schmidt recovered an antique gun, two cross bows, a sawed-off rifle which defendant said was real, a machine gun, and an Uzi submachine gun. They did not, however, recover the gun allegedly used in the aggravated battery.

Sergeant Watzke testified that when he saw the third-floor apartment was locked, he went back down to the yard and asked Marjorie Tatum, who was in the yard with defendant's son and daughter, if anyone would assume responsibility for defendant's children. She de-

clined and Watzke shouted to defendant, who was on the third floor, that the children would either go to the police station or to the Audy home because no one would take responsibility for them. Wydell Jr. left the yard and defendant was arrested shortly thereafter. Watzke testified that when the officers were discussing obtaining a search warrant, defendant stated that he knew what happened when the police searched a house with a search warrant and asked if there was another way to handle it. He agreed to a plain view search of the apartment.

Wydell Jr., defendant's 13-year-old son, referred to the third-floor apartment as defendant's house and stated that he lived with defendant there from "time to time." Wydell Jr. testified that when the police were trying to get into the locked apartment, they asked him to open the door but he told them he did not know the combination. The officers told him that they would take him to the Audy home if he did not open the door. Wydell Jr. testified that he entered the combination to the lock because the police threatened to take him away.

Tatum testified that she was in the yard when the police officers arrived and one of them told her, in front of Wydell Jr., that he was going to take Wydell Jr. and his sister to the Audy home. Wydell Jr. then went up to the apartment. Tatum referred to the third floor as defendant's apartment.

After the hearing, the trial judge denied defendant's motion to suppress finding, among other things, that the police were given consent to enter.

In a jury trial, the State presented the testimony of Officers Strain and Schmidt which was similar to their testimony in the hearing on the motion to suppress. In addition to the drugs and weapons seized, Strain testified that they recovered a pharmaceutical scale and a beeper. Strain also testified that when they recovered the cannabis, defendant told the police that it was his. Defendant also said that the rocky white powder was cocaine but the other bags were fake. Further, defendant told the police that the Uzi submachine gun was a replica but the shotgun was real. Strain read part of his police report into evidence which stated that defendant admitted the seized contraband was his. Similarly, Schmidt also testified that defendant admitted that all of the seized items were his.

The State presented the testimony of a forensic chemist and a criminologist who testified that the plastic bags contained 1,657 grams of tetracaine, 43.4 grams of cocaine, and 1,846 grams of cannabis.

The parties stipulated that defendant had a 1980 Federal firearms conviction.

Defendant presented the testimony of Quenton Curtis, a fireman and police officer, who testified that Debbie Sherwood owned the building and lived in the third-floor apartment. Defendant lived at 1511 North Wieland. Curtis also testified that he knew the combination to the lock on the third-floor apartment and that he kept a uniform and ammunition there.

Dennis Murphy testified that he lived in the building. No one lived in the third-floor apartment, but it was used to store construction equipment and supplies. Murphy also testified that he knew the combination to the third-floor apartment and that defendant did not live there. Murphy, however, did not live in the building at the time defendant was arrested.

Aaron Feazell, defendant's nephew, testified that he had previously lived in a basement apartment in the building. At the time he testified, Feazell was in jail awaiting trial for armed robbery. Feazell testified that Sherwood used the third-floor apartment for guests and that defendant did not live there. Feazell also had the combination to the third-floor lock and kept clothes in that apartment. Feazell testified that one of the weapons found in the apartment belonged to a former tenant.

Jennifer Rivers, defendant's ex-wife, testified that defendant lived at 1511 North Wieland and she thought Sherwood lived in the third-floor apartment.

Defendant testified that at the time of his arrest, he lived at 1511 North Wieland. He admitted that he kept clothes in the third-floor apartment and he was there three to four times a week. He explained that several other people had the combination to the apartment for construction or business purposes. After he was arrested, the officers told him they would get a search warrant unless defendant told them they could search the apartment. Defendant admitted that he told the officers they could search. Defendant testified that he and Sherwood were the stockholders of a corporation that owned the apartment building. Defendant denied ever seeing the contraband that was seized from the apartment and denied that he told the police it was his. He recognized the rifle as belonging to a former tenant. Defendant told the officers that none of the seized items were his.

The jury found defendant guilty of possession of a controlled substance with intent to deliver, possession of cannabis with intent to deliver, unlawful use of weapons, and unlawful use of weapons by a felon.

Defendant filed a post-trial motion requesting a new trial and raising the issues that the State failed to prove him guilty beyond a reasonable doubt and that the State's closing argument was prejudicial. Before a ruling on the motion, defendant filed a second post-trial motion requesting a new trial on the basis of newly discovered evidence. Defendant alleged that Milton Goodman would testify that the controlled substances which were found in the third-floor apartment were his. A hearing was held where Goodman testified, but the trial judge found his testimony unbelievable and denied defendant's post-trial motions.

Defendant was sentenced to concurrent terms of six years and five years in prison and fined a total of $20,000. Defendant now appeals.

OPINION

Defendant argues that his motion to suppress should have been granted because the consent to enter was not voluntary. Defendant acknowledges that this issue was not properly preserved for review because his trial attorneys failed to raise it in his post-trial motions. He urges this court to consider the issue as plain error.

The failure to raise an objection at trial and in a post-trial motion results in a waiver of that issue on appeal (*People v. Herrett* (1990), 137 Ill. 2d 195, 561 N.E.2d 1), but plain errors affecting substantial rights may be considered on appeal even though they were not properly preserved for review (134 Ill. 2d R. 615(a)). The plain error rule allows a reviewing court to consider waived issues when the evidence at trial was closely balanced or when the error was so fundamental and of such magnitude that the defendant was denied a fair trial. *Herrett*, 137 Ill. 2d 195, 561 N.E.2d 1.

. Whether consent was voluntary is dependent on the totality of the circumstances. (*People v. Casazza* (1991), 144 Ill. 2d 414, 581 N.E.2d 651.) A reviewing court will not disturb the finding on a motion to suppress unless it was manifestly erroneous. (*People v. Williams* (1991), 147 Ill. 2d 173, 588 N.E.2d 983.) If the testimony on a motion to suppress is contradictory, the reviewing court should not substitute its assessment of the credibility of the witnesses for that of the trial judge. *People v. Graham* (1991), 214 Ill. App. 3d 798, 573 N.E.2d 1346.

In the hearing on defendant's motion to suppress evidence, Officers Strain and Schmidt testified that Wydell Jr. unlocked the combination lock without being asked to do so. Sergeant Watzke testified that he told defendant, in Wydell Jr.'s presence, that the children

would have to go to the police station or to the Audy home if no one would take care of them. Tatum testified that Watzke told her that if no one assumed responsibility for the children, they would have to go to the Audy home. Wydell Jr. testified that the officers threatened him directly that if he did not open the door, he would be taken to the Audy home.

■ In this case, the court did not err when it denied defendant's motion to suppress because, viewing the totality of the circumstances, consent to enter was voluntary. The officers testified that Wydell Jr. entered the combination without being asked to do so. Tatum testified that Watzke told her the children would go to the Audy home; she did not state that Watzke threatened Wydell Jr. if he did not open the door. Only Wydell Jr. testified that he was directly threatened. It was the trial judge's responsibility to assess the witnesses' credibility and apparently he credited the police officers' testimony and discredited Wydell Jr.'s testimony. Generally, the reviewing court should not substitute its judgment for that of the trial judge on issues of credibility. The testimony supported a finding that the consent to enter was voluntary.

■ Defendant also argues that his consent to search the apartment was not voluntary because the police told him they would get a search warrant if he did not consent. Assuming that the apartment was defendant's home (see *People v. White* (1987), 117 Ill. 2d 194, 512 N.E.2d 677), the testimony showed the consent to search was voluntary. Even though consent to search in the type of situation defendant describes has been found voluntary (*People v. Magby* (1967), 37 Ill. 2d 197, 226 N.E.2d 33), the testimony in this case shows that defendant offered to allow the police to search without obtaining a warrant while they were discussing obtaining a warrant amongst themselves. As a result, the testimony also supported a finding that the consent to search was voluntary.

Because there was no error in denying his motion to suppress, defendant's argument that it amounted to plain error is without merit.

■ Defendant also argues that he was denied effective assistance of trial counsel because his attorneys failed to raise the motion to suppress issue in his post-trial motions.

Generally, to establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance was so defective that he was not functioning as counsel guaranteed under the sixth amendment and that the deficient performance prejudiced defendant to such an extent that he was denied a fair trial. (*Strick-*

*land v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) When a defendant argues that the failure to raise an issue in a post-trial motion amounted to ineffective assistance of trial counsel, he must show that he was prejudiced to the extent that if the issue was raised he would have been granted a new trial. (See *People v. Henderson* (1990), 142 Ill. 2d 258, 568 N.E.2d 1234; *People v. Alexander* (1991), 212 Ill. App. 3d 1091, 571 N.E.2d 1075.) Defendant must show that he was substantially prejudiced in that the outcome probably would have been different had counsel been effective. *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.

Here, defendant's trial attorneys filed two post-trial motions but neither raised the issue that the motion to suppress was denied erroneously. To be successful in claiming that he was denied effective assistance of trial counsel, defendant must show that if the motion to suppress issue had been raised, he would have been granted a new trial. As discussed previously, the denial of the motion to suppress was not erroneous and, therefore, would not have resulted in a new trial had it been raised in a post-trial motion. The failure to raise the issue in a post-trial motion did not prejudice defendant and did not amount to ineffective assistance of counsel.

■ Lastly, defendant argues that the evidence at trial was insufficient to prove beyond a reasonable doubt that he constructively possessed the drugs and weapons seized from the apartment.

To support a finding of constructive possession, the State must prove that the defendant knew the contraband was present and that it was in defendant's immediate and exclusive control. (*People v. Crisantos* (1991), 211 Ill. App. 3d 870, 570 N.E.2d 843.) Knowledge may be proved by evidence of defendant's acts, declarations, or conduct from which it can be inferred that he knew the contraband existed in the place where it was found. (*People v. Romero* (1989), 189 Ill. App. 3d 749, 546 N.E.2d 7.) Constructive possession may be proved by showing that defendant controlled the premises where the contraband was found. *People v. Maiden* (1991), 210 Ill. App. 3d 390, 569 N.E.2d 120.

The elements of possession or knowledge are questions of fact for the jury and are rarely susceptible to direct proof. (*Crisantos*, 211 Ill. App. 3d 870, 570 N.E.2d 843.) The evidence at trial must be viewed in a light most favorable to the prosecution (*People v. Pintos* (1989), 133 Ill. 2d 286, 549 N.E.2d 344), and the reviewing court should not substitute its judgment for the jury's when the evidence is conflicting (*Crisantos*, 211 Ill. App. 3d 870, 570 N.E.2d 843).

Defendant relies on *People v. Wolski* (1975), 27 Ill. App. 3d 526, 327 N.E.2d 308, where the court found that the State did not prove constructive possession of cannabis found in an apartment defendant shared with his brother because there was no corroborating evidence associating defendant with the contraband and other people had access to the premises. However, the present case is unlike *Wolski*. Although there was testimony here that other people had access to the apartment, there was no evidence that defendant shared the apartment with another person. Further, there was evidence here that defendant admitted ownership of the drugs and weapons.

Viewing the evidence presented at trial in a light most favorable to the State, Strain testified that when they discovered the cannabis, defendant admitted it was his. He also demonstrated knowledge of the cocaine and the weapons when he told the officers which items were real. Also, Strain and Schmidt testified that defendant told them all of the seized items were his. Further, Strain knew defendant lived there from a previous incident and even defendant's son referred to the apartment as defendant's home. Even though other people testified they had access to the apartment, the jury may not have found that testimony credible. The evidence was sufficient to find that defendant had constructive possession of the drugs and weapons seized in the apartment.

It should be noted that for this argument, defendant also relies on Goodman's testimony at the post-trial hearing that the drugs found in the apartment belonged to him. However, Goodman did not testify at trial and his testimony in the post-trial hearing cannot be considered in reviewing whether the State proved constructive possession.

Affirmed.

JOHNSON and CAHILL, JJ., concur.