COMMONWEALTH *vs.* PIRET K. CONGDON.

No. 06-P-71.

Norfolk. December 12, 2006. - April 27, 2007.

Present: LENK, ARMSTRONG, & MILLS, JJ.

*Motor Vehicle,* Operating under the influence, Operation. *Practice, Criminal,* Assistance of counsel.

At the trial of a complaint charging operation of a motor vehicle under the influence of intoxicating liquor, the judge did not err in denying the defendant's motion for a required finding of not guilty, where the circumstantial evidence permitted an inference beyond a reasonable doubt that the defendant, who was manifestly not in any condition to drive safely or competently, was the operator of the motor vehicle [783-784], and her trial counsel's decision to pose a question to an investigating officer that elicited an incriminating reply at trial, although unwise in hindsight, was not behavior measurably below that which might be expected from an ordinary, fallible lawyer [784].

COMPLAINT received and sworn to in the Dedham Division of the District Court Court Department on June 7, 2004.

The case was tried before *Michael J. Pomarole,* J.

*Kevin M. Keating* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. The defendant appeals from her conviction of operating a motor vehicle while under the influence of intoxicating liquor, second offense. G. L. c. 90, § 24(1)(*a*)(1). She raises as the sole issue the ineffective assistance of her trial counsel in posing a question to an investigating officer that elicited an incriminating reply.

The circumstances were these. Police officers were called to a stretch of road on Route 27 in Medfield where the first responding officer found at the roadside an automobile still running but disabled by two flat tires on the passenger side. No one was in the car, but, as the officer investigated, the defendant, well dressed

but very disheveled, emerged unsteadily from the woods walking toward the car. Two other responding officers then arrived at the scene. One of the other officers asked the defendant if everything was all right, whether there had been an accident, and where she was coming from. The defendant responded only that she was coming from a friend's house in Sherborn and was going to her home in Canton or Milton — the officer couldn't remember which. The officer noticed a strong odor of alcohol. The defendant had to grab the car for support when she walked and was then escorted by the police so she would not fall. She acknowledged having one glass of wine at her friend's house. She was glassy eyed and slurred her speech. The officers concluded that she was very intoxicated and took her into custody. They were at the scene for one-half hour in all; there was some wait for a tow truck to remove the disabled car. No other person was in the vicinity or emerged from the woods. On her way to the station house, the defendant asked if there were "something I could [do] to make this all go away."

At the trial, after the first responding officer finished his direct testimony, the defendant's trial counsel began his cross-examination with: "Now, Officer, at no time did you see Ms. Congdon in that vehicle, isn't that correct?" The officer answered, "She went to get her pocketbook I believe. But other than that, I didn't see her in the vehicle." Later, in moving for a required finding of not guilty, the defendant's counsel did not deny the defendant's connection with the car, arguing only that there was no evidence she had been the operator. The judge denied the motion, observing, however, that identifying who the operator was "would seem like sheer speculation if it wasn't for the fact that one of the witnesses testified that he recalled [the defendant] . . . going back into the car to get her pocketbook."

There was no error in the denial of the motion. Apart from returning for the pocketbook, the circumstantial evidence, in our view, permitted an inference beyond reasonable doubt that the defendant was the operator. The ignition was on. There was no other person in the vicinity. She was headed to the car when she came out of the woods — a distance of less than ten feet. One could fairly infer that the car was brought to a halt by running off the road and going over some obstacle that punctured the two

right tires. The defendant was, manifestly, not in any condition to drive safely or competently. Her behavior was entirely consistent with her having been the operator, and again, there was no evidence that anyone but her was in the vicinity.[1] Compare *Commonwealth* v. *Peterson*, 67 Mass. App. Ct. 49, 52-53 (2006). See also *Commonwealth* v. *Cromwell*, 56 Mass. App. Ct. 436, 439 (2002).

This was not a case, therefore, where, but for defense counsel's question, there was no evidence supporting one element of the crime. The answer was not helpful to the defense, but it did not fill a hole in the prosecution's case. Contrast *People* v. *Jackson*, 318 Ill. App. 3d 321, 327-330 (2000).[2]

Moreover, to defend in the face of strong evidence, the defendant's counsel had to nurture a reasonable doubt in the jurors' minds. It was hardly the first time a defendant's counsel has posed a question intended to underscore a weakness in the prosecution's case with an unfortunate result. See, e.g., *Commonwealth* v. *McColgan*, 31 Mass. App. Ct. 932, 935-936 (1991). There is no suggestion in the record that defense counsel knew or should have known that the defendant had entered the car to retrieve her purse. Posing the question was, in hindsight, unwise, but it was not behavior "measurably below that which might be expected from an ordinary, fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

*Judgment affirmed.*

---

[1] The defendant's connection with the car was reinforced by her statements that she had come from a friend's house in Sherborn, the town line of which was three miles away, and was headed to either Milton or Canton, towns beyond Medfield. Her condition made it unlikely that she walked, and she made no mention of another person who might have driven.

[2] In *People* v. *Jackson*, 318 Ill. App. 3d at 322-329, the defendant was prosecuted for possession of cocaine with intent to distribute. The State's case was to the effect that the defendant, standing in the street, received money from an unknown man and then pointed toward one Stidham standing ten feet away. The unknown man walked over to Stidham and then walked away. Police then detained the defendant, who was holding $150, and Stidham, who dropped a brown paper bag containing packets of cocaine. It was defense counsel, cross-examining the police officer, who first elicited the testimony that, when the unknown man approached Stidham, Stidham reached into the brown paper bag, withdrew something, and handed it to the man.